JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PAUL MARTIN

## DEFENDANTS

THE PENN MUTUAL LIFE INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff    Camden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA"); 42 U.S.C. §2000e, et seq. ("Title VII"); 43 P.S. §951, et seq. ("PHRA")

Brief description of cause:
Plaintiff brings this action against her former employer for unlawful discrimination and retaliation.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
November 23, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Cherry Hill, NJ _____

Address of Defendant: _____ 600 Dresher Road, Horsham, PA 19044 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/23/2021     _____     314179

         *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Lane J. Schiff _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/23/2021     _____     314179

         *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| PAUL MARTIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE PENN MUTUAL LIFE INSURANCE | : | |
| COMPANY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　 and Human Services denying plaintiff Social Security Benefits.　　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　 exposure to asbestos.　　　　　　　　　　　　　　　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　 commonly referred to as complex and that need special or intense management by
　　 the court.  (See reverse side of this form for a detailed explanation of special
　　 management cases.)　　　　　　　　　　　　　　　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　( X )

| | | |
|---|---|---|
| 11/23/2021 | _signature_ | Plaintiff, Paul Martin |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-565-2859 | schiff@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAUL MARTIN** | : | **CIVIL ACTION NO.** |
| **Cherry Hill, NJ** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THE PENN MUTUAL LIFE INSURANCE** | : | |
| **COMPANY** | : | |
| **600 Dresher Road,** | : | |
| **Horsham, Pennsylvania 19044** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## COMPLAINT

## I.  INTRODUCTION

Plaintiff, Paul Martin, brings this action against his former employer, The Penn Mutual Life Insurance Company, for unlawful age and sex discrimination in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* (hereinafter "PHRA"). Plaintiff seeks damages, including back-pay, front-pay, compensatory, punitive, liquidated, costs and attorneys' fees, and all other relief that this Court deems appropriate.

## II.  PARTIES

1.      Plaintiff, Paul Martin, is an individual and a citizen of the state of New Jersey. He resides in Cherry Hill, New Jersey.

2.      Plaintiff is a male and was a fifty (53) year of age at the time Defendant terminated his employment.

3.     Defendant, The Penn Mutual Life Insurance Company, is a corporation maintaining a place of business located at 600 Dresher Road, Horsham, Pennsylvania 19044.

4.     At all times material hereto, Defendant acted by and through its authorized agents and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

5.     At all times material hereto, Defendant was an employer within the meanings of the ADEA, Title VII, and PHRA.

6.     At all times material hereto, Plaintiff was an employee within the meanings of the ADEA, Title VII, and PHRA.

## III.     <u>JURISDICTION AND VENUE</u>

7.     The causes of action that form the basis of this matter arise under the ADEA, Title VII, and the PHRA.

8.     The District Court has jurisdiction over Count I (ADEA) and Count II (Title VII), pursuant to 28 U.S.C. §1331.

9.     The District Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

10.    Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b).

11.    On or about February 13, 2020, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") cross-filed with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein ("PHRC Complaint").  Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the PHRC Complaint (with personal identifying information redacted).

12.     On or about September 7, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

13.     Plaintiff is filing this complaint within ninety (90) days from his receipt of this notice.

14.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

15.     Plaintiff was employed by Defendant from in or about March 1984 until on or about November 29, 2019, the date of his unlawful termination of employment.

16.     Plaintiff most recently held the position of Assistant Vice President, Field Liaison Group.

17.     During his over thirty-five (35) years of employment, Plaintiff consistently performed his job duties in an excellent manner.

18.     In or about August 2019, Plaintiff was transferred from Defendant's Distribution Department into Defendant's Practice Development Department.

19.     At that time, Plaintiff began reporting to Heather Scher (female, approximate age 37), Vice President, Practice Development.

20.     In or about October 2019, following Plaintiff's transfer from Defendant's Distribution Department, Defendant hired Stephanie Luft (female, approximate age 32) into a newly created Distribution Operations and Account Manager position within Defendant's Distribution Department.

21.     To Plaintiff's knowledge, the Distribution Operations and Account Manager position was not posted. Had the position been posted, and had Plaintiff known that his job was in jeopardy, he would have applied for this position.

22.     Plaintiff was more qualified than Luft for the Distribution Operations and Account Manager position.

23.     In or about October 2019, following Plaintiff's transfer from Defendant's Distribution Department, Defendant hired Andrew Christenson (male, approximate age 36) into a newly created Director of Sales & Financials position within Defendant's Distribution Department.

24.     To Plaintiff's knowledge, the Director of Sales & Financials position was not posted. Had the position been posted, and had Plaintiff known that his job was in jeopardy, he would have applied for this position.

25.     Plaintiff was more qualified than Christenson for the Director of Sales & Financials position.

26.     In or about September 2019, following Plaintiff's transfer into Defendant's Practice Development Department, Defendant hired Jennifer Royal (female, approximate age 37), an external candidate, into a newly created Field Operations Director position within Defendant's Practice Development Department.

27.     To Plaintiff's knowledge, the Field Operations Director position was not posted. Had the position been posted, and had Plaintiff known that his job was in jeopardy, he would have applied for this position.

28.     Plaintiff was more qualified than Royal for the Field Operations Director position.

29.     In or about October 2019, following Plaintiff's transfer into Defendant's Practice Development Department, Defendant hired Tim Uliana (male, approximate age 39) into a newly created Field Operations Director position within Defendant's Practice Development Department.

30.     To Plaintiff's knowledge, the Field Operations Director position was not posted. Had the position been posted, and had Plaintiff known that his job was in jeopardy, he would have applied for this position.

31.     Plaintiff was more qualified than Uliana for the Field Operations Director position.

32.     On or about November 20, 20219, Defendant terminated Plaintiff's employment, effective December 31, 2019.

33.     Defendant's articulated reason for Plaintiff's termination was position elimination.

34.     Defendant's articulated reason for the termination of Plaintiff is pretext.

35.     At the time of Plaintiff's termination, seven (7) employees reported to Scher, the majority of whom were women.  Plaintiff was additionally one (1) of the two (2) oldest employees reporting to Scher.

36.     Plaintiff was the only employee reporting to Scher who was terminated on November 20, 2019.

37.     Plaintiff was more qualified and experienced than each of the other employees reporting to Scher.

38.     Defendant failed to offer any explanation, including the selection criteria, as to why Plaintiff was terminated and the substantially younger and/or female employees were retained.

39.     Following Plaintiff's termination, Defendant assigned Plaintiff's job duties to Royal and Uliana, both of whom were less qualified than Plaintiff to perform the job duties.

40.     Defendant's conduct and comments additionally evidence a bias against older and/or male employees.

41.     Defendant routinely states publicly its preference for millennial and "Generation Z employees," its efforts to recruit and hire "more people out of college," and its renewed focus on a younger workforce.

42.     Defendant stated publicly its success in attracting younger personnel, boasting that in just over two and a half (2.5) years, Defendant lowered the average age of its advisors from fifty-seven (57) to forty-eight years (48) old, and that thirty-three (33) is the average age of those entering on the company's career track.

43.     Defendant routinely states publicly its focus on "hiring more women."

44.     On multiple occasions, McDonnell described Defendant's workforce as "pale, male, and stale."

45.     On multiple occasions, Scher described Defendant's workforce as "pale, male, and stale" and stated that "the problem" Defendant faced was that its average employee was fifty-eight (58) years old and male.

46.     Bill Stevens, Vice President of Career Agency System, told Plaintiff on multiple occasions that he felt pressure from Eileen McDonnell, Chair and Chief Executive Officer, to hire more female employees and believed that, if he failed to do so, he would be terminated.

6

47.     Jessica Choi, AVP Talent Acquisition & Diversity, told Plaintiff that she felt pressure to hire more female employees.

48.     Defendant has a pattern and practice of pushing out and/or terminating older and/or male employees. At or around the time of Plaintiff's termination, Defendant terminated the employment of numerous older male employees.

49.     Plaintiff's age (53) was a determinative and motivating factor in the decision to not hire him into the Distribution Operations and Account Manager position, Director of Sales & Financials position, and Field Operations Director positions.

50.     Plaintiff's age (53) was a determinative and motivating factor in the decision to terminate his employment.

51.     Plaintiff's sex (male) was a determinative and motivating factor in the decision to not hire him into the Distribution Operations and Account Manager position, Director of Sales & Financials position, and Field Operations Director positions.

52.     Plaintiff's sex (male) was a determinative and motivating factor in the decision to terminate his employment.

53.     Plaintiff's combination of age and sex was a determinative and motivating factor in the decision to not hire him into the Distribution Operations and Account Manager position, Director of Sales & Financials position, and Field Operations Director positions.

54.     Plaintiff's combination of age and sex was a determinative and motivating factor in the decision to terminate his employment.

55.     As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem,

mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

56.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

## COUNT I - ADEA

57.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

58.     By committing the foregoing acts of discrimination against Plaintiff, Defendant violated the ADEA.

59.     Defendant's violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

60.     As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

61.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

62.     No previous application been made for the relief requested herein.

## COUNT II – Title VII

63.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

64.     By committing the foregoing acts of discrimination against Plaintiff, Defendant violated Title VII.

65.     Defendant acted with malice or a reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

66.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff

has suffered the injuries, damages, and losses set forth herein.

67.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

68.     No previous application has been made for the relief requested herein.

## COUNT III – PHRA

69.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth at length herein.

70.     By committing the foregoing acts of discrimination against Plaintiff, Defendant violated the PHRA.

71.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein.

72.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

73.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

a.     declaring the acts and practices complained of herein to be a violation of the ADEA;

b.     declaring the acts and practices complained of herein to be a violation of Title VII;

c.    declaring the acts and practices complained of herein to be a violation of the

PHRA;

d.    enjoining and restraining permanently the violations alleged herein;

e.    awarding Plaintiff back-pay;

f.    awarding Plaintiff front-pay;

g.    awarding interest;

h.    awarding compensatory damages to Plaintiff for past and future emotional upset

and pain and suffering;

i.    awarding liquidated damages;

j.    awarding punitive damages;

k.    awarding Plaintiff the costs of this action, together with reasonable attorneys'

fees;

l.    awarding Plaintiff such other damages as are appropriate under the ADEA, Title

VII, and the PHRA; and

m.    granting such other and further relief as this Court deems appropriate.


**CONSOLE MATTIACCI LAW, LLC**

Date:   November 23, 2021    By: _____

STEPHEN G. CONSOLE
LANE J. SCHIFF
HOLLY SMITH
1525 Locust Street
Philadelphia, PA 19102
(215) 545-7676
(856) 545-8211 (fax)

Attorneys for Plaintiff,
Paul Martin

10

# EXHIBIT A

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

|                                        |     |                          |
|----------------------------------------|-----|--------------------------|
| Paul Martin,                           | :   |                          |
|             Complainant                | :   |                          |
|                                        | :   |                          |
|             v.                         | :   | PHRC Case No. 201903118  |
|                                        | :   |                          |
| Penn Mutual Life Insurance Co.,        | :   | EEOC No. 17F202061334    |
|             Respondent                 | :   |                          |
|                                        | :   |                          |

**COMPLAINT**

**JURISDICTION**

1.    Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

**PARTIES**

2.    The Complainant herein is:

Paul Martin
redacted

3.    The Respondent herein is:

Penn Mutual Life Insurance Co.
600 Dresher Road
Horsham, PA 19044

Received

FEB 1 3 2020

PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

### COMPLAINT

COMPLAINANT:

PAUL MARTIN                                      Docket No. 2019 03118

v.

RESPONDENT:

**PENN MUTUAL LIFE INSURANCE COMPANY**

1.   The Complainant herein is:

    Name:            Paul Martin
    Address:         redacted

2.   The Respondent herein is:

    Name:            Penn Mutual Life Insurance Company
    Address:         600 Dresher Road
                     Horsham, PA 19044

3.   I, Paul Martin, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (53), my sex (male), and/or the combination of my age and sex ("age/sex") as set forth below.

### Discrimination

    **A. I specifically allege:**

        [1]          I was hired by Respondent in or about March 1984.

[2]      I consistently performed my job duties in a highly competent manner and received positive feedback during my more than thirty-five (35) years of service at Respondent.

[3]      I last held the position of Assistant Vice President ("AVP"), Field Liaison Group.

[4]      I last reported to Heather Scher (37[1]/female), Vice President, Practice Development.  Scher reported to David O'Malley (45/male), President and Chief Operating Officer. O'Malley reported to Eileen McDonnell (57/female), Chair and Chief Executive Officer.

[5]      In or about August 2019, I was transferred from Respondent's Distribution Department into Respondent's Practice Development Department.

[6]      In or about August 2019, following my transfer into Respondent's Practice Development Department, I began reporting to Scher.

[7]      In or about October 2019, after I was transferred out of Respondent's Distribution Department, Respondent hired Stephanie Luft (32/female) to the newly created Distribution Operations and Account Manager position within Respondent's Distribution Department. To my knowledge, the position was not posted. If this position had been posted and I had known that my job was in jeopardy, I would have applied. I was more qualified for this position.

[8]      In or about October 2019, after I was transferred out of Respondent's Distribution Department, Respondent hired Andrew Christenson (36/male), an external candidate, to the newly created Director of Sales & Financials position within Respondent's Distribution Department. To my knowledge, the position was not posted. If this position had

---

[1] All ages herein are approximations.

been posted and I had known that my job was in jeopardy, I would have applied. I was more qualified for this position.

[9]      In or about September 2019, Respondent hired Jennifer Royal (37/female), an external candidate, to the newly created Field Operations Director position within Respondent's Practice Development Department. To my knowledge, the position was not posted. If this position had been posted and I had known that my job was in jeopardy, I would have applied. I was more qualified for this position.

[10]     In or about October 2019, Respondent hired Tim Uliana (39/male), an external candidate, to the newly created Field Operations Director position within Respondent's Practice Development Department. To my knowledge, the position was not posted. If this position had been posted and I had known that my job was in jeopardy, I would have applied. I was more qualified for this position.

[11]     On or about November 20, 2019, in a meeting with Scher and Gabriela "Gabe" Capitano (59/male), Human Resources Director, Respondent terminated my employment, effective December 31, 2019. I was blindsided. Before the termination meeting, I had no indication that my job was in jeopardy. Respondent's stated reason was position elimination.

[12]     Respondent's stated reason for my termination is false and pretextual.

[13]     Respondent terminated me because of my age and/or sex and/or age/sex.

[14]     At the time of my termination, the following employees, in addition to me, reported directly to Scher: Jaclyn Bradley (45/female), AVP, Practice Development; Laurie Dougherty (35/female), Manager, Learning and Development; Kristin Huston (35/female), Director, Event Management and Recognition Programs; Jennifer Royal (37/female), Director,

Field Operations; Tim Uliana (39/male), Director, Field Operations; and Michael Williams (54/male), AVP, Business Development & Agency Integration.

[15]      I was as or more qualified to perform each of the above employees' positions.

[16]      I had more service time at Respondent than each of the above employees.

[17]      I was the only employee reporting to Scher who was terminated on November 20, 2019.

[18]      Respondent failed to offer any explanation, including the selection criteria, as to why I was terminated and the substantially younger and/or female employees were retained.

[19]      Following my termination, Respondent assigned my job duties to Royal and Uliana, substantially younger and/or female employees who were hired into newly created roles before my termination. I was more qualified to perform my job duties than the substantially younger and/or female employees to whom they were assigned.

[20]      I was not offered any opportunity to remain employed at Respondent.

[21]      Respondent terminated my employment because of my age, sex, and/or my age/sex.

[22]      Respondents' conduct and comments evidence a bias against older employees.

[23]      Respondent routinely states publicly its preference for millennial and "Generation Z" employees, its efforts to recruit and hire "more people out of college," and its "renewed focus on a younger, more diverse workforce."

[24]      Respondent stated publicly its "success in attracting younger personnel," boasting that in just over two and a half (2.5) years, Respondent "lowered the average age of its

advisors from 57 to 48 years old," and that "33 is the average age of those entering on the company's career track."

[25]      Respondent's conduct and comments evidence a bias toward male employees.

[26]      Respondent routinely states publicly its focus on "hiring more women."

[27]      In or about late-summer 2019, in a meeting attended by Respondent's employees at AVP level or higher, and in or about early-October 2019, in a meeting attended by Respondent's employees of all levels, Scher described Respondent's workforce as "pale, male, and stale" and stated that "the problem" Respondent faced was that its average employee was fifty-eight (58) years old and male.

[28]      Between 2015 and 2017, Bill Stevens (58/male), Vice President ("VP") of Career Agency System, told me on multiple occasions that he felt pressure from McDonnell to hire more female employees and believed that, if he failed to do so, he would be fired.

[29]      In or about 2017, Jessica Choi (39/female), AVP Talent Acquisition & Diversity, told me that she felt pressure to hire more female employees.

[30]      Respondent has a pattern and practice of pushing out and/or terminating older and/or male employees. Respondent has recently pushed out and/or terminated the following older and/or male employees, without limitation:

     a.   Kevin Reynolds (60/male)

     b.   David Williams (55/male)

     c.   Andrew Martin (45/male)

     d.   Scott Johnson (58/male)

     e.   Matthew Spring (41/male)

f. Jim Carbone (58/male)

g. Mic Jund (49/male)

h. Mike Dunne (48/male)

i. Adam Bass (47/male)

j. Joe Radovic (47/male)

k. Dominic Monte (44/male)

l. Patrick Harper (49/male)

m. Earl Whipple (54/male)

[31]     Respondent's age, sex, and age/sex discriminatory conduct has caused me emotional distress.

[32]     I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondent who are age forty (40) and over, and who have been discriminated against based on age (including intentional age discrimination and disparate impact on older workers) in connection with hiring, promotion, position selection, training, leadership, development, and termination decisions.

[33]     I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondent who are male, and who have been discriminated against based on sex in connection with hiring, promotion, position selection, training, leadership, development, and termination decisions.

B.  Based on the aforementioned, I allege that Respondents have discriminated against me because of my age (53), my sex (male), and/or the combination of my age and sex ("age/sex") in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C.

§ 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951,

*et seq.* ("PHRA").

   4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices

in violation of:

   __X__     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L.**

**744, as amended) Section 5 Subsection(s):** __(a)__

   _____     Section 5.1 Subsection(s) _____

   _____     Section 5.2 Subsection(s) _____

   _____     Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

   5.     Other action based upon the aforesaid allegations has been instituted by the

Complainant in any court or before any other commission within the Commonwealth of

Pennsylvania as follows:

   __X__     **This charge will be referred to the EEOC for the purpose of dual**

**filing.**

   6.     The Complainant seeks that Respondent be required to:

   (a) Make the Complainant whole.

   (b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

   (c) Remedy the discriminatory effect of past practice(s) and procedure(s).

   (d) Take further affirmative action necessary and appropriate to remedy the violation

      complained of herein.

   (e) Provide such further relief as the Commission deems necessary and appropriate.

<u>VERIFICATION</u>

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

2/12/2020
(Date Signed)

_(Signature)_   Paul Martin
redacted

# EXHIBIT B

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Paul Martin** | | From: | **Philadelphia District Office** |
|---|---|---|---|---|
| | redacted | | | **801 Market Street** |
| | | | | **Suite 1000** |
| | | | | **Philadelphia, PA 19107** |

|   |   |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is* *CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Damon A. Johnson,** | |
| **17F-2020-61334** | **State, Local & Tribal Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| ☒ | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| ☒ | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☒ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R. Hutter*

**Dana R. Hutter,**
**Deputy Director**

September 7, 2021

*(Date Issued)*

Enclosures(s)

cc:

| **For Respondent:** | **For Charging Party:** |
|---|---|
| **Owner / HR Manager** | **Holly W. Smith, Esq.** |
| **PENN MUTUAL LIFE INSURANCE CO.** | **Console Mattiacci Law** |
| **600 Dresher Road** | **Via email: hollysmith@consolelaw.com** |
| **Horsham, PA 19044** | |